Filed 5/4/23  P. v. Abiel CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080726 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244879) |
| ABAN ABIEL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Aban Abiel, in pro. per.; and Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2013, a jury convicted Aban Abiel of second degree murder (Pen. Code, § 187, subd. (a)) and found he used a knife in the commission of the offense (§ 12022, subd. (b)(1)).  Abiel was sentenced to an indeterminate term of 16 years to life in prison.

Abiel appealed and this court affirmed the judgment in an unpublished opinion.  (*People v. Abiel*  (Dec. 17, 2014, D064565).)

In 2018, Abiel filed his first petition for resentencing under section 1170.95 (now renumbered section 1172.6). The court found Abiel had not stated a prima facie case for relief under the statute and, thus, denied the petition.

In 2022, Abiel filed his second petition for resentencing under section 1172.6. The trial court again denied the petition finding on both petitions that Abiel was the actual killer and therefore ineligible for relief under the statute. The court stated:

> "Petitioner's first petition was denied on July 20, 2020, on the grounds that the record demonstrated Petitioner was the actual killer, and, thus, ineligible for relief. While there have been subsequent changes to Section [1172.6] through legislative amendments and varying statutory interpretations within the relevant case law, there has been no change in the applicable law or facts to Petitioner's case that would justify the filing of a successive petition, nor has Petitioner asserted such a justification."

Abiel filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to conduct an independent review of the record for error consistent with the procedure called for in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have granted the request and independently reviewed the record for error consistent with *Wende*. We notified Abiel of his right to file his own brief on appeal. Abiel has responded by filing a supplemental brief, which we will discuss later in this opinion.

We will omit a statement of facts in this opinion. The facts of the underlying offense are summarized in our previous opinion. (*People v. Abiel, supra*, D064565.) There is no reason to repeat them here.

2

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo*, but asks us to apply the *Wende* procedure and review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the trial court was correct in stating the issues in this appeal had been fully litigated in the previous petition.

2. Whether the trial court prejudicially erred in ruling on the second petition without first receiving briefing as mandated by statute.

In his supplemental brief, Abiel argues his form declaration filed with his petition was sufficient to state a prima facie case for relief. Abiel does not deny he is the person who stabbed the victim causing death. He seeks to make the case that the stabbing was not intentional and that someone else actually brought the knife to the scene. He does not contend he was an aider and abettor whose liability arises from the felony murder rule or from the doctrine of natural and probable consequences. Rather, Abiel seeks to mitigate his involvement in the offense, given that he is the actual killer.

Abiel's brief does not raise any arguable issues on appeal from the denial of his petition for resentencing. This is not an additional review of the sufficiency of the evidence.

We have reviewed the entire record consistent with *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel; has represented Abiel on this appeal.

## DISPOSITION

The order denying Abiel's second petition for resentencing under section 1172.6 is affirmed.

3

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.